JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD TADAO STUKEY, ) | No. CV 17-453 CJC (FFM) |
| Petitioner, ) ) | ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE |
| v. ) ) | |
| JUDGE PATRICIA MURPHY, et al., ) ) | |
| Respondents. ) | |

On or about January 18, 2017, petitioner Chad Tadao Stukey ("petitioner") filed a Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241.[1] The petition appears to raise four claims related to petitioner's convictions for insurance fraud and other seemingly related crimes.

As an initial matter, the Court may not consider the petition because petitioner has not exhausted his state court remedies with respect to any of his claims. As a matter of comity, a federal court may not entertain a habeas petition unless the petitioner has exhausted the available state court remedies with respect

---

[1] While the petition was filed pursuant to 28 U.S.C. § 2241 ("section 2241"), it appears that it should have been filed under 28 U.S.C. § 2254 ("section 2254"). For petitioners in state custody, section 2241 is reserved for challenges to pre-conviction incarceration. Conversely, all challenges to a judgment or sentence must be made under section 2254. Accordingly, the Court construes the petition as a section 2254 habeas petition.

1

to all the claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982); 28 U.S.C. § 2254(b)(1). A petitioner exhausts all available state court remedies by presenting his claims to the highest court of the state in which he was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999).

Here, while the petition shows that petitioner has filed numerous habeas petitions in the Superior Court of Ventura County, it does not indicate that he has sought any relief from the California Supreme Court. California court records confirm that plaintiff has not sought relief from the California Supreme Court.[2] Accordingly, none of petitioner's claims is exhausted. Because petitioner's claims are unexhausted and no exception to the exhaustion requirement is present, his claims must be dismissed.[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." (citations omitted))

Moreover, the petition should be dismissed because petitioner's claims, even if they are construed extremely loosely, are patently without merit.[4] Claims

---

[2] The Court takes judicial notice of California's court records, located on the California Court of Appeal case information website, http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (citations omitted).

[3] While the Ninth Circuit has held that Courts may stay a petition that consists entirely of unexhausted claims, *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016), the Court declines to do so in this instance. As presented, petitioner's claims are patently without merit. Accordingly, the Court is satisfied that petitioner has not met the threshold for showing that he is entitled to a stay. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a petitioner is not entitled to a stay where claims are "plainly meritless"). Thus, it is appropriate to dismiss petitioner's claims without providing him an opportunity to stay the petition.

[4] Courts may deny relief on the merits of unexhausted claims where "it is
(continued...)

one, three, and four of the petition are seemingly premised on petitioner's allegation that the entity he defrauded was not a licensed insurance provider. Construed loosely, these claims appear to assert that petitioner's conviction is invalid because he could not have been guilty of defrauding an unlicensed insurer. However, California law does not require prosecutors to prove that an insurer is "licensed" in order to obtain a conviction for insurance fraud. *See* Cal. Penal Code § 550 (West 2011). Accordingly, petitioner cannot obtain relief on claims one, three, and four. Claim two is likewise meritless. At most, claim two asserts that the prosecution in petitioner's case mistakenly or maliciously put before the sentencing court evidence of an unrelated vehicle insurance claim. However, even this strained interpretation of the claim does not show that petitioner is entitled to relief. Indeed, the facts of claim two do not suggest the prosecution or the court violated the Constitution, laws, or treaties of the United States. As a result, claim two is without merit.

In sum, the petition should be dismissed because it does not contain a single exhausted claim and the claims therein are plainly meritless. Thus, it is apparent from the face of the petition that petitioner is not entitled to relief. Accordingly, pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, the petition is DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2017

                                        CORMAC J. CARNEY
                                     United States District Judge

Presented by:
   /S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
   United States Magistrate Judge

---

(...continued)
perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).